UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:13-cr-00015-KJM |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| JOSE JAVIER NUNEZ, | |
| Defendant. | |

Defendant Jose Javier Nunez, a federal prisoner proceeding pro se, moves for compassionate release and a reduction of his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i). Mot., ECF No. 56. The government opposes the motion, Opp'n, ECF No. 64, and, with the assistance of court-appointed counsel, defendant has lodged a reply, Reply, ECF No. 66. Defendant seeks release in light of the poor health of his mother, who is the caregiver for defendant's son, as well as the increased risks to his health posed by the COVID-19 pandemic and the exacerbating effect of the pandemic on his mother's situation. For the following reasons, defendant's motion is DENIED.

I.  BACKGROUND

On June 18, 2014, defendant pled guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (count one); carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (count three); and

felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (count four).  Opp'n at 3 (citing ECF Nos. 36, 41, 43).  On May 20, 2015, the court sentenced him to 120-months imprisonment with 36-months supervised release.  *Id.* (citing ECF Nos. 53, 54).  Defendant is currently incarcerated at Lee U.S. Penitentiary (USP) in Virginia and, good behavior permitting, is projected to be released on January 7, 2022.  *Id.*  He has served roughly 75 percent of his sentence.  *Id.* (citing Opp'n, Ex. 1, ECF No. 64-1 (Bureau of Prisons (BOP) Public Information inmate Data)).  BOP is currently reporting eight positive cases of COVID-19 at Lee USP, all prison staff-members.[1]

II.     LEGAL STANDARD

Defendant brings his motion for release under 18 U.S.C. § 3582(c)(1)(A)(i), which allows a court to modify a sentence under certain circumstances.  Under the current version of the statute, a motion for modification may be made by either the Director of the BOP or by a defendant "after the defendant has fully exhausted all administrative rights to appeal[.]" 18 U.S.C. § 3582(c)(1)(A).

In deciding whether to modify a sentence and grant compassionate release following exhaustion, as relevant here, a district court engages in a two-step process.  First, it must consider the familiar 18 U.S.C. § 3553(a) factors applicable at the original sentencing, to the extent they remain applicable at the time a motion is brought.  18 U.S.C. § 3582(c)(1)(A).  Second, the court must find that "extraordinary and compelling reasons warrant such a reduction."  *Id.*  An alternative provision provides for consideration of a motion by a defendant who is 70 years or older, and is not applicable here.  18 U.S.C. § 3582(c)(1)(A)(ii).

The Sentencing Commission has addressed what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody in a policy statement.  *See* U.S.S.G. § 1B1.13.  This court refers to the Sentencing Commission's policy statement for guidance, as it has in other cases, without deciding whether it is binding in this context.  *See, e.g.,*

---

[1] As have other courts, this court takes judicial notice of the information presented by the BOP at https://www.bop.gov/coronavirus/.  *See United States v. Daniels*, No. 19-CR-00709-LHK (NC), 2020 WL 1815342, at *3 (N.D. Cal. Apr. 9, 2020).

*United States v. Head*, No. 2:08-CR-00093-KJM-2, 2020 WL 3180149, at *3 (E.D. Cal. June 15, 2020), *as amended* (July 1, 2020).  The relevant policy statement outlines four categories of circumstances that may constitute 'extraordinary and compelling reasons' for a sentence reduction:

> (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling.

*United States v. Allen*, No. 2:17-CR-0229-TOR-12, 2019 WL 6529113, at *2 (E.D. Wash. Dec. 4, 2019) (citing U.S.S.G. § 1B1.13, cmt. n.1).

III.    DISCUSSION

   A.    Exhaustion

As a threshold matter, the exhaustion requirement under § 3582 is not at issue and so the court does not reach any questions raised by the parties' briefing on this threshold point. The parties agree defendant has satisfied the statutory prerequisites to seek compassionate release. *See* Opp'n at 4 ("More than 30 days have elapsed since receipt of Nunez' request, satisfying the statutory requirement in 18 U.S.C. § 3582(c)(1)"[2]).

   B.    "Extraordinary and Compelling Reasons"

Defendant argues that extraordinary and compelling reasons exist warranting his early release, due to the poor health of his elderly mother,[3] who is the primary caregiver for his son, Mot. at 1, who was 8 at the time of defendant's sentencing in 2015, PSR ¶ 56.  Defendant

---

[2] The court in other cases has signaled its skepticism with respect to the government's reading of the exhaustion requirement in the statute, and that skepticism has not dissipated.

[3] Defendant's mother was 65 years old at the time of defendant's sentencing in 2015. Presentencing Report (PSR) ¶ 54, ECF No. 49

1   also notes that COVID-19 has exacerbated an already difficult situation for his mother and that he
2   fears contracting the virus in prison.  Mot. at 1.
3          No one disputes that "[d]ue to the novel coronavirus pandemic, we are in
4   extraordinary times."  *Daniels*, 2020 WL 1815342, at *2 (internal quotation marks and citation
5   omitted).  Nonetheless, a generalized fear of contracting the virus during this pandemic does not
6   constitute "extraordinary and compelling" reasons warranting early release.  *See, e.g.*, *United*
7   *States v. Baye*, No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *10 (D. Nev. June 2, 2020).
8          As noted above, "family circumstances involving the . . . incapacitation of the
9   caregiver of the defendant's minor child" can constitute an "extraordinary and compelling"
10  reason warranting release.  U.S.S.G. § 1B1.13, cmt. n.1.  However, defendant does not provide
11  sufficient information to allow the court to conclude defendant's mother is "incapacitated."  In
12  support of his argument, defendant submits a letter from his mother's doctor listing her health
13  conditions, including diabetes, insomnia and hypertension.  Reply, Ex. A, ECF No. 66-1.  The
14  doctor's letter merely lists the various medical conditions, without providing information on how
15  these conditions prevent defendant's mother from caring for his minor child.  *See id*.
16  Furthermore, as the government points out, there is nothing in the record to explain why
17  defendant's brother is unable to care for the child, when defendant stated he may be available to
18  do so as recorded in the presentencing report.  Opp'n at 8–9 (citing PSR ¶ 56).  On reply,
19  defendant states, in a footnote, that his brother has started his own company, which requires
20  frequent travel.  Reply at 2 n.2.  This record is insufficient for the court to conclude that no family
21  member is willing and able to care for defendant's child for the remaining year and a half of his
22  sentence.
23         The court cannot find that "extraordinary and compelling" reasons exist
24  warranting release at this time. *Compare United States v. England*, No. CR 18-61-GF-BMM,
25  2020 WL 4004477, at *2 (D. Mont. July 15, 2020) (finding sufficient evidence that multiple
26  family members were unable to care for medically vulnerable child due to lack of available child
27  care providers and employment issues, exacerbated by COVID-19 pandemic), *with Acuna v.*
28  *United States*, No. CR 07-00615 SOM (01), 2020 WL 2857492, at *3 (D. Haw. June 2, 2020)

(finding insufficient "details on how the circumstances of [family member's] care merit a sentence reduction at this point" despite recognizing "the value to the children of having their father with them").  Given this conclusion, the court need not reach the balance of the § 3852(c) analysis.

IV.   CONCLUSION

    Defendant's Motion to Reduce Sentence, ECF No. 56, is DENIED.

    IT IS SO ORDERED.

DATED:  September 1, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE